# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING CHARLES HUMPHREY, | Case No. 1:14-cv-01787-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS BARRED BY RES JUDICATA** |
| v. | |
| IGBINOSA, et al., | (Doc. 1) |
| Defendants. | **30-DAY DEADLINE** |

**I.      Procedural History**

Plaintiff, Irving Charles Humphrey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on August 5, 2014. (Doc. 1.) This action is before the Court for screening.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**III.    Summary of the Complaint**

1

1    Plaintiff complains of acts that occurred while he was housed at Pleasant Valley State
2 Prison ("PVSP"), though he is currently housed at San Quentin State Prison.
3    Plaintiff names the following Defendants in this action:  Chief Medical Officer ("CMO")
4 Felix Igbinsoa; Warden James Yates; California Department of Corrections and Rehabilitation
5 ("CDCR") Director Matthew Cate; Classification Service Representative ("CSR") T. Wardlow;
6 Governor Arnold Schwarzenegger; and various Does.
7    Plaintiff seeks monetary damages for contracting Valley Fever.  Specifically, Plaintiff
8 states that back in 2008, he filed an action in state court under section 1983, for contracting
9 Valley Fever in 2005, which was removed to this Court and was the subject of case *Humphrey v.*
10 *Yates,* 1:09-cv-00075-LJO-DLB ("*Humphrey I*").  (Doc. 1, 7:1-7.)  On appeal, summary judgment
11 for the defense in that action was affirmed.  (*Id., see also* 1:09-cv-0075-LJO-JLT, Docs. 77-80.)[1]
12 Plaintiff alleges that he has "newly discovered evidence" to prove the claims that he raised in
13 *Humphrey I* and that he seeks to have the case at bar, *Humphrey v. Yates, et al.,* 1:14-cv-01787-
14 LJO-JLT ("*Humphrey II*"), relate back to *Humphrey I*.  (*Id.*, at 7:1-9:6.)  For the reasons set forth
15 below, this matter must be dismissed with prejudice.

**IV.    Analysis**

   **A.    Claim Preclusion -- *Res Judicata***

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.,* 586 F.3d 1204, 1212 (9th Cir. 2010)).

   **B.    Analysis**

In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the

---

[1] Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Harris*, 682 F.3d at 1132 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

Plaintiff specifically states that he filed *Humphrey II* to pursue the claims that he raised in *Humphrey I* because he has "newly discovered evidence" that he believes is sufficient to now prove his claims from *Humphrey I* in *Humphrey II*. Plaintiff's claims in both actions involve the same transactional nucleus of facts and are in fact, identical: that prior to being moved to PVSP, he had brain surgery for a brain tumor and surgical removal of the lower lobe of his right lung for cancer; that he is of African-American descent; that after being moved to PVSP, he contracted Valley Fever; and that he should not have been moved to PVSP because it was known that he was susceptible to contracting Valley Fever. *Humphrey I* was resolved via summary judgment which is a final judgment on the merits of the claims resolved therein. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (2005).

Finally, Plaintiff named Warden James Yates in both actions and added CMO Felix Igbinosa, CDCR Director Mathew Cate, T. Wardlow, and Governor Arnold Schwarzenegger as Defendants in *Humphrey II*. Certainly Plaintiff is precluded from bring the same claim against Warden Yates in *Humphrey II*. The question thus becomes whether Warden Yates is in privity with the new Defendants Plaintiff names in *Humphrey II*.

"There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). *See also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980) (per curiam); *Mervin v. FTC*, 591 F.2d 821, 830 (D.C.Cir.1978). "The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy." *Sunshine Anthracite*, 310 U.S. at 403 (*citing Gunter v. Atlantic Coast*

*Line Railroad Co.*, 200 U.S. 273, 284-89 (1906)).

Warden Yates certainly had authority to represent the CDCR decision makers against Plaintiff's claim that he should not have been placed at PVSP in both actions. The new Defendants whom Plaintiff names in *Humphrey II* are also decision makers as to inmates' placement and medical factors that warrant for or against the conditions of such placements. Thus, for purposes of Plaintiff's claims regarding his placement at PVSP and his subsequent contraction of Valley Fever, Warden Yates is in privity with CMO Igbinosa, Director Cate, CSR Wardlow, and Governor Schwarzenegger.

Thus, Plaintiff is precluded by *Humphrey I* from proceeding in this action, *Humphrey II*, because of the identity of claims raised in both actions; *Humphrey I* was pursued to a final judgment on the merits; and both actions involve the same parties and/or privity between the parties involved. *See Harris*, 682 F.3d at 1132. *Humphrey I* is *res judicata* and precludes Plaintiff from pursuing the claims he raises in this action, *Humphrey II*.

**V.     Relation Back**

Plaintiff alleges that he brings this action "under newly discovered evidence related [sic] back to elements, and other reasons [sic], [he] was denied in prior complaints." (Doc. 1, at 7:12-15.)

An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's

4

identity.

Fed.R.Civ.P. 15(c)(1) (2014).

The principles of "relation back" apply to allow amendment to a pleading in an action after the lapse of the applicable statute of limitations so as to prevent the claim from being barred. Such amendments are provided for within one action -- not between two or more actions. While Plaintiff now possesses evidence that he believes would allow him to prevail on claims he raised in *Humphrey I*, the Court finds no legal or logical basis to apply the principle of "relation back" to allow this action to resurrect a matter for which there has been entry of final judgment on the merits.[2]

## IV.  CONCLUSION

*Humphrey I*, 1:09-cv-00075-LJO-JLT, is *res judicata* and bars Plaintiff from proceeding in *Humphrey II*, 1:14-cv-01787-LJO-JLT.  Further, Plaintiff's claims of having newly discovered evidence in *Humphrey II* that would prove the claims he raised in *Humphrey I*. do not relate back to resurrect *Humphrey I* , or to allow Plaintiff to proceed on those claims in this action.

Accordingly, it is HEREBY RECOMMENDED that this action be **DISMISSED with prejudice.**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

---

[2] Indeed, under Plaintiff's theory, there could never be finality.  Instead, cases would simply enter a state of limbo where they are neither active nor closed.  This would lead to uncertainty and is inconsistent with legal theories on the topic, i.e., statutes of limitation, doctrines of laches and estoppel, all which seek a final ending to disputes.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2015**                                  /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE