# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING C. HUMPHREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IGBINOSA, et al.,<br><br>　　　　　Defendants. | **Case No. 1:14-cv-01787-LJO-JLT (PC)**<br>**Appeal No. 15-15839**<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>**(Doc. 19)** |

　　　　Plaintiff, Irving Charles Humphrey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on August 5, 2014 ("*Humphrey II*"). (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The Magistrate Judge screened Plaintiff's Complaint and issued a Findings and Recommendations to dismiss the action with prejudice as barred by *res judicata* as Plaintiff admitted it was duplicative of and intended to resurrect an action that Plaintiff had previously brought which had been dismissed on summary judgment -- *Humphrey v. Yates,* 1:09-cv-00075-LJO-DLB ("*Humphrey I*"). (Doc. 11.)  The Findings and Recommendations was served on Plaintiff on March 2, 2015 and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days.  (*Id.*)  Plaintiff filed timely objections in which he argued that the ruling in the Northern California District Court's rulings in *Marciano*

1

*Plata, et al. v. Edmund G. Brown, Jr. et al,* C01-1351 THE obviated the need for litigation of all issues other than damages in *Humphrey I* and requested that judicial notice be taken of the ruling in *Plata*. (Docs. 12, 13.) The order adopting the Findings and Recommendations which dismissed this action, found that this action was barred by *res judicata.* (Doc. 14.)

On April 24, 2015, Plaintiff filed a notice of appeal. (Doc. 16.) On April 27, 2015, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining whether *in forma pauperis* should continue for this appeal. 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). For the reasons which follow, the Court finds that Plaintiff's *in forma pauperis* status on appeal should be revoked. *Id.*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole).

As explained in both the Findings and Recommendations and the Order Adopting, all of the elements of claim preclusion/*res judicata* are present here in that the claims Plaintiff seeks to pursue in this action are identical to and arise out of the same nucleus of events as those he raised in *Humphrey I*; Plaintiff named the same party, Warden Yates, in both *Humphrey I* and *Humphrey II*, and privity exists between Warden Yates and the additional Defendants Plaintiff names in *Humphrey II* since Warden Yates certainly had authority to represent the CDCR decision makers against Plaintiff's claim that he should not have been placed at PVSP in both actions; and a final judgment on the merits was rendered in *Humphrey I* when summary judgment was granted. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.,* 586 F.3d 1204, 1212 (9th Cir. 2010)). Thus, *Humphrey I*, 1:09-cv-00075-LJO-JLT, is *res judicata* and bars Plaintiff from proceeding in *Humphrey II*, 1:14-

cv-01787-LJO-JLT. Further, Plaintiff's claims of having newly discovered evidence in *Humphrey II* that would prove the claims he raised in *Humphrey I*. do not relate back to resurrect *Humphrey I,* or to allow Plaintiff to proceed on those claims in this action.  This is the only issue raised in this action and Plaintiff's appeal thereon is thus frivolous.

Accordingly, the Court HEREBY ORDERS as follows:

1. Pursuant to 28 U.S.C. § 19156(a)(3), the Court finds that Plaintiff's appeal was not taken in good faith and he should not be permitted to proceed in forma pauperis on appeal; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **May 4, 2015**                             **/s/ Lawrence J. O'Neill**
                                                                         UNITED STATES DISTRICT JUDGE