# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING C. HUMPHREY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IGBINOSA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01787-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR REVIEW/RECONSIDERATION PER FED. R. CIV. P. 60(b)(2) & (6)**<br><br>(Doc. 27) |

  Plaintiff, Irving Charles Humphrey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on August 5, 2014 ("*Humphrey II*"). (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  The Magistrate Judge screened Plaintiff's Complaint and issued a Findings and Recommendations to dismiss the action with prejudice as barred by *res judicata* as Plaintiff admitted it was duplicative of and intended to resurrect an action that Plaintiff had previously brought which had been dismissed on summary judgment -- *Humphrey v. Yates,* 1:09-cv-00075-LJO-DLB ("*Humphrey I*"). (Doc. 11.) The Findings and Recommendations was served on Plaintiff on March 2, 2015 and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. (*Id.*) Plaintiff filed timely objections in which he argued that the ruling in the Northern California District Court's rulings in *Marciano Plata, et al. v. Edmund G. Brown, Jr. et al,* C01-1351 TEH obviated the need for litigation of all issues other than damages in *Humphrey I* and requested that judicial notice be taken of the ruling in *Plata*. (Docs. 12, 13.) The order adopting the Findings and Recommendations which dismissed this action, found that this action was barred by *res judicata.* (Doc. 14.)

  On April 24, 2015, Plaintiff filed a notice of appeal. (Doc. 16.) On April 27, 2015, the

Court of Appeals for the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether *in forma pauperis* should continue for this appeal. 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). This Court filed a responsive order delineating the reasons this action was dismissed and finding that Plaintiff was not entitled to proceed *in forma pauperis* on appeal. (Doc. 21.) Plaintiff was thereafter ordered to pay the filing fee for his appeal (Doc. 26) and when he failed to do so, his appeal was dismissed (Doc. 28). After being ordered to pay the filing fee, on June 15, 2015, Plaintiff filed a motion for relief from the judgment that had been entered in this action. (Doc. 27.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

It is noteworthy that it was not until after the Ninth Circuit ordered him to pay docketing and filing feels for his appeal (which he apparently failed to do), that Plaintiff filed the present motion (Doc. 27), seeking reconsideration of the order, which issued on April 13, 2015 (Doc. 14), on which judgment (Doc. 15) was entered against him. In his motion, Plaintiff once again asserts that the findings and rulings in *Plata v. Brown, et al.,* C01-1351-TEH provide new evidence that supports his claims in his prior suit (*Humphrey v. Yates,* 1:09-cv-00075-LJO-DLB ("*Humphrey I*")) which he attempted to resurrect in this action ("*Humphrey II*"). The inapplicability of new rulings on issues regarding prisoners' exposure to and treatment for Valley Fever (of which Plaintiff complains in this action) to resurrect claims that Plaintiff proceeded on in *Humphrey I* have been repeatedly addressed in this action. Plaintiff raises neither evidence nor law that has not previously been considered and there is no other basis upon which it would be just to relieve him from judgment that has been entered in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the both the Findings and Recommendation upon which this action was found to be barred by *res judicata* (Doc. 12) and the Order Adopting it (Doc. 14) which resulted in dismissal of this action and entry of judgment to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for relief from judgment, filed on June 27, 2015 (Doc. 27), is HEREBY DENIED and any objections based thereon are OVERRULED.
IT IS SO ORDERED.

Dated:  **July 21, 2015**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

3